**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1335
_____

HUMBERT CARRERAS,
                              Appellant

v.

U.S. BUREAU OF PRISONS; DONNA ZICKEFOOSE, WARDEN
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 10-cv-2765)
District Judge:  Honorable Joseph E. Irenas
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 23, 2011

Before: SCIRICA, SMITH and VANASKIE, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  September 29, 2011)
_____

OPINION
_____

PER CURIAM

        Humbert Carreras, pro se, appeals an order of the United States District Court for

the District of New Jersey denying his petition filed pursuant to 28 U.S.C. § 2241.  We

will affirm the judgment of the District Court.

I.

In 2004, following a jury trial in the United States District Court for the District of Puerto Rico, Carreras was convicted of conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. He was sentenced to 292 months of imprisonment. In June 2010, at the age of seventy-eight, Carreras filed a petition for a writ of habeas corpus under section 2241 in the District Court, claiming that the Bureau of Prisons ("BOP") had improperly determined that he is not yet eligible for release to home confinement pursuant to the Elderly Offender Home Detention Pilot Program ("EOHDPP"), 42 U.S.C. § 17541(g). To be eligible for the EOHDPP, among other things, the offender must have served "the greater of 10 years or 75 percent of the term of imprisonment to which the offender was sentenced." See 42 U.S.C. § 17541(g)(5)(A)(ii).

Carreras argued in the District Court that the BOP failed to consider his vested good conduct time (VGCT") in calculating whether he has completed 75 percent of his term of imprisonment. The District Court denied the § 2241 petition, concluding that Carreras had not served 75 percent of his sentence at the time the BOP reviewed his case because the plain language of the statute unambiguously defines a "term of imprisonment" as the term to which an inmate is sentenced, and does not include good conduct time (GCT), whether vested or not, for the purpose of determining eligibility. Carreras filed a timely appeal.

II.

We have appellate jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the District Court's legal conclusions. Woodall v. Fed. Bur. of Prisons, 432 F.3d 235, 239 n.3 (3d Cir. 2005). We have carefully considered Carreras' arguments on appeal and find no error in the District Court's ruling.

The Second Chance Act of 2007 ("SCA") established the EOHDPP by directing the Attorney General to conduct a two-year pilot program "to determine the effectiveness of removing eligible elderly offenders from a [BOP] facility and placing such offenders on home detention until expiration of the prison term to which the offender was sentenced." 42 U.S.C. § 17541(g)(1)(A). The statute sets forth seven criteria which an offender in BOP custody must meet in order to be considered an "eligible elderly offender." Id. at § 17541(g)(5)(A)(i)-(vii). At issue in this case is whether the BOP's determination that VGCT is not to be considered in determining whether an offender has "served the greater of 10 years or 75 percent of the term of imprisonment to which [he] was sentenced" is inconsistent with the SCA. Id. at § (g)(5)(A)(ii).

On February 5, 2009, the BOP issued Operations Memorandum No. 003-2009 (5392) to provide guidance to its staff in administering the EOHDPP. The Memorandum explains that inmates must meet all statutory eligibility criteria to participate in the EOHDPP. With regard to length of sentence, the Memorandum defines the statutory phrase "term of imprisonment to which the offender was sentenced," as "the term of

3

imprisonment imposed by the sentencing court(s) whether stated in days, months, or years."

Carreras argues that the BOP improperly calculated his "term of imprisonment" because it failed to include VGTC in determining whether he has completed 75 percent of his sentence. We agree with the District Court, however, that the plain language of the statute unambiguously defines a term of imprisonment as that to which an inmate is sentenced, and does not contemplate inclusion of GCT or VGCT when determining if an inmate has served 75 percent of the term of imprisonment to which he is sentenced.

In order to determine whether Congress intended that GCT or VGCT be considered in determining an inmate's eligibility for participation in the EOHDPP, it is necessary to examine the plain language of the relevant portion of the SCA. "If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress." Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837, 842-43 (1984); see Madison v. Resources for Human Dev., Inc., 233 F.3d 175, 185 (3d Cir. 2000) ("It is well-settled that if a statute unambiguously expresses Congress's intent, courts must give effect to that intent.").

We agree with the District Court that there is no ambiguity in section 17541(g)(1)(A)(ii) because Congress modified the phrase "term of imprisonment" with the qualifying language "to which the offender was sentenced." With that modification, the offender's "term of imprisonment" unmistakably refers to the term imposed by the

sentencing court. The United States Court of Appeals for the Tenth Circuit has reached the same conclusion. See Izzo v. Wiley, 620 F.3d 1257, 1260 (10th Cir. 2010) ("Under a plain-language analysis, we hold that the phrase 'term of imprisonment to which the offender was sentenced' unambiguously refers to the term imposed by the sentencing court, without any consideration of good time credit").

Carreras acknowledges the ruling in Izzo, but argues that GCT and VGCT are qualitatively different because, unlike GCT, VGCT cannot be disallowed and thus should be treated as "time served."[1] We agree with the District Court that his argument is unavailing, however, because VGCT is not time that is actually served as a part of an inmate's sentence. Carreras does not point to any authority, and we have found none, disputing the District Court's finding that VGCT, like GCT, is time that is removed from the sentence imposed by the sentencing court. See 18 U.S.C. § 3624(b). Therefore, neither GCT nor VGCT are a part of the term of imprisonment imposed by the sentencing court and may not be considered to determine EOHDPP eligibility.

Having found no error in the District Court's denial of Carreras' § 2241 petition, we will affirm its judgment.

---

[1]Although the Government does not dispute Carreras' assertion that all of his GCT has vested, it is not clear from the record before us if that is, in fact, the case. However, we need not resolve that issue for purposes of this appeal.